**DODSON, Plaintiff-Appellant, v. URBANA (City) et, Defendants-Appellees.**

Ohio Appeals, Second District, Champaign County.

No. 131.   Decided October 23, 1952.

Arthur W. Gurklies, Urbana, for plaintiff-appellant.

C. William O'Neill, Atty Genl., Robert E. Leach, Chief Counsel, Columbus, Richard P. Faulkner, Pros. Atty., Clifford R. Wagner, City Solicitor, Urbana, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on questions of law and fact from a judgment rendered in favor of the defendant by the Common Pleas Court of Champaign County.

This is an action for a declaratory judgment, accompanied with a prayer for injunctive relief, in which the plaintiff alleges that §§13066-1, 13066-2, 13066-3 and 13066-4 GC, effective September 18, 1951, are unconstitutional. In his petition plaintiff alleges that he owns and possesses slot machines and mechanical devices as defined in §13066-1 GC, and, therefore, brings himself squarely within the provision of the statute. The contention of the plaintiff is twofold: First, that it is beyond the power of the Legislature to prohibit the ownership and possession of gambling devices, unless such ownership and possession is coupled with proof of the actual use of such devices for gambling purposes; second, that the legislature may not prohibit the ownership and possession of gambling devices which were acquired before the effective date of the sections enumerated above, and at a time when the statute made unlawful only the keeping or exhibiting of such devices for gain. Plaintiff alleges, which is supported by the evidence, that he acquired the devices before the effective date of the enumerated sections and that such gambling devices are not now in use.

Plaintiff-appellant assigns six grounds of error. However, only one ground of error is discussed in the brief of counsel for appellant, which is to the effect that the judgment is contrary to law. The principle question for determination is whether the sections enumerated are constitutional.

The trial court declared that plaintiff's possession of the slot machines and kindred mechanical devices in question is unlawful within the purview of §13066-1 to §13066-4 GC, inclusive, and that such statutes are constitutional. The temporary injunction was dissolved and permanent injunctive relief was denied. This Court will enter a like judgment.

Judgment accordingly.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.